| | |
|---|---|
| | **E-Filed 1/20/2010** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CHERYL J. PATITO,<br><br>Plaintiff<br><br>v.<br><br>DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.; DSL SERVICE COMPANY; CENTRAL MORTGAGE COMPANY dba CENTRAL MORTGAGE LOAN SERVICING COMPANY; MTC FINANCIAL INC. dba TRUSTEE CORPS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 TO 250, inclusive,<br><br>Defendants | Case Number C 09-03574 JF (RS)<br><br>ORDER GRANTING MOTIONS TO DISMISS AND STRIKE WITH LEAVE TO AMEND<br><br>[Re: Document No. 4] |

## I. BACKGROUND

On February 17, 2005, Plaintiff Cheryl Patito ("Patito") executed a promissory note ("Note") promising to pay Downey Savings and Loan Association, F.A. ("Downey") the sum of $555,000. The note was secured by a deed of trust ("Deed of Trust") on the real property located at 1425[1] Little Orchard Street, San Jose, California 95110 (the "Property"). Complaint ¶¶ 1, 10-11. The deed identifies Downey as the "lender" and "beneficiary" and DSL Services Company

---

[1] Patito's Deed of Trust reflects a street address of 1425/1427 Little Orchard while the Complaint asserts the concerned Property is located at 1425 Little Orchard.

Case No. C 09-03574 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS AND STRIKE WITH LEAVE TO AMEND
(JFLC1)

as the "trustee." *Id.* ¶ 11. On December 13, 2005, Downey executed a corporate assignment ("MERS Assignment") transferring the deed of trust, "together with the certain note(s) described therein," to Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). CMC Request for Judicial Notice ("RJN"), Ex. 1 (notarized copy of MERS Assignment).[2] On January 26, 2009, MTC Financial, Inc. dba Trustee Corps ("MTC"), acting on behalf of Downey, recorded a notice of default. Complaint ¶ 15. On February 26, 2009, MERS executed an assignment of deed of trust, recorded on July 23, 2009, to Defendant Central Mortgage Company dba Central Mortgage Loan Servicing Company ("CMC"). RJN, Ex. 2. On the same date, CMC also executed a substitution of trustee naming MTC as the new trustee. *Id.,* Ex. 3. The substitution was recorded on April 29, 2009. *Id.* On July 10, 2009, MTC recorded a notice of trustee's sale. *Id.,* Ex. 4.

On July 24, 2009, Patito filed a complaint in the Santa Clara Superior Court alleging numerous claims for relief including violations of the Truth in Lending Act ("TILA"). On August 5, 2009, MTC removed the action to this Court. On August 17, 2009, MTC filed a motion to dismiss and strike and CMC and MERS filed a motion to dismiss for failure to state a claim or, alternatively, for summary judgment. Subsequently, Patito filed a motion for voluntary withdrawal of her claims. As a result of an administrative error, Patito was permitted to withdraw her claims without prejudice notwithstanding the pending motion for summary judgment. The Court subsequently set aside the dismissal. On January 14, 2010, the evening before the hearing on the motion, Patito filed opposition to MTC's motion to dismiss with no explanation for her failure to file her papers on time.

Good cause therefor appearing, the Court will strike Patito's untimely opposition papers. MTC's motions to dismiss and to strike Patito's claim for punitive damages are well-taken and will be granted. The Court has grave reservations as to whether Patito can state viable claims for

---

[2] CMC's requests for judicial notice are unopposed. The authenticity of the recorded documents (assignment of the deed of trust, execution of the assignment, execution of a substitution of trustee, and recording of the substitution) is not subject to reasonable dispute. Fed. R. Evid. 201(b). The request is granted.

2
Case No. C 09-03574 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS AND STRIKE WITH LEAVE TO AMEND
(JFLC1)

relief against MTC. Among other things, Patito has not alleged an ability to tender, MTC is not a debt collector within the meaning of the Fair Debt Collection Practices Act, and MTC is not a lender but rather is a foreclosure trustee engaged by Downey long after much of the wrongdoing alleged by Patito transpired. However, in keeping with the strong policy in the Ninth Circuit favoring amendment, Patito will be granted leave to amend. *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir. 1995). Patito must comply with all applicable rules and deadlines in her future filings.

## IV. ORDER

The motion to dismiss and strike is GRANTED, WITH LEAVE TO AMEND. Any amended complaint shall be filed and served within twenty (20) days after the date of this order.

**IT IS SO ORDERED.**

DATED: January 20, 2010

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Cheryl J Patito
1425 Little Orchard Street
San Jose, CA 95110
PRO SE